In the Matter of JOSEPHINE CARL, a Child Twelve Years of Age.

Domestic Relations Court of New York, Children's Court, New York County, September 12, 1940.

*Milton M. Craner*, for the father, respondent.

PANKEN, J. The elements which would constitute neglect of a child cannot be limited to mere failure to provide properly for it in so far as its physical needs are concerned in accordance with the material ability of the parent or the one in custodial care. A failure to provide the ordinary physical needs to a child may be partaking less of the element of neglect than a case where a child by virtue of environment and circumstance and condition under the control of the parent is habituated and conditioned to accept immoral tenets for moral principles and ethical concepts. A denial to a child of the affection, guidance, consideration, amounting in aggregate to a rejection of the child by the parent or the one in custodial care, is as neglectful as a failure to provide the ordinary means that the physical well being of the child requires.

No cut and dried rule has been found, or laid down, nor can a cut and dried rule be laid down, which is to serve as the yardstick for the determination where neglect begins and where it ends, where it harms and where it does no harm. Each case involving neglected children must be determined on the facts as they are developed by testimony under oath.

This respondent is said to have neglected his child. He is not charged with a crime before me at this time, and on this petition. He is charged with having failed to properly look after his child and give that child that affection, that guidance, that care and that consideration which parents, or others who are charged with the care of children, are in law and by nature required to exercise, apply and give; so that the respondent does not stand before me as a defendant charged with a crime on this petition. If he were charged with a crime, as he might well be charged, for neglect of the child, the question of intent might enter into a consideration of his guilt or lack of guilt of the crime charged. On the petition before me, willful conduct on the part of the respondent need not be shown. Intent to commit a crime need not be proved. Neglect may be found by the court on the part of the parent of this child in that he has not given this child care, guidance, supervision, love and affection, which he should have given this child. And instead thereof, had administered corporal punishment which was brutal. That was done, I am told, to correct the child.

A parent certainly has the right, indeed, it is his duty, to correct any act of misconduct on the part of his child. The form of correction is the question to be passed upon. A parent is both in law and by nature charged with the obligation to guide and, in guiding, aid his child on the path which, of necessity, by reason

of the child's immaturity, he stumbles over. Correction often-times becomes necessary because of improper guidance. The conduct calling for correction cannot be charged to the child, it may be the parent's fault. Correction is often necessary because of the failure on the part of the parent to condition the child so that his conduct is proper and no correction hence would become necessary.

What constitutes correction? That is a moot question. Authorities on the subject disagree. Some believe that correction is most effective by way of corporal punishment, by use of the whip. Other authorities take an opposite view, that corporal punishment is not a corrective, that in many instances it is a stimulant for resentment resulting in evil conduct, or at least repetition of the misbehavior. Personally, I am inclined to the latter point of view. People are never made good by force. Children cannot be made good by compulsion — the compulsion of violence or force. Social attitudes, co-operation are part and parcel of a recognition of obligation, conscious or subconscious. That obligation to others reflects a social attitude and attitudes are influenced.

Thousands of years ago the Golden Rule was laid down: " Do unto others as you would have others to do unto you." Experience through the ages has farthered that rule and later experience of mankind confirmed its wisdom and its applicability. A parent may correct, but a parent may not destroy the child whom he has a right to correct. A parent may correct, but he has not the right in correcting to inflict physical punishment of a character which is brutal, or might even be regarded as beastly. I am not saying that this man has punished this child brutally to the extent that it was beastly.

I must, of necessity, be guided entirely by the testimony in the case. If I believe what the respondent says, I must disbelieve the two witnesses who were called on his behalf. I must disbelieve the testimony of Mrs. ————, and I must disbelieve the testimony of Mrs. ————. Both of them testified that he had used a belt about the legs of the child. Mrs. ————, however, said that he might have struck the child above the legs as well. If I believe the testimony of these two witnesses, I must disbelieve the testimony of the respondent. The court asked him to demonstrate just how he did strike this child, and the demonstration was confined to two blows. One a little bit above the buttocks, from the right side, I think it was, and then one striking her from the left side. He did not strike her elsewhere. I asked him that question at least twice — maybe more times.

No doubt the child lied when she was asked whether she played hookey or not. That lying was inexcusable, excepting, possibly, on

the basis that she had feared punishment which might be administered to her with a belt, punishment which might make even an adult lie. It takes a very courageous person to be truthful under the threat of facing a strapping with a belt. Many will confess to a lie under coercion, and as many will lie to avoid punishment. A child fears physical punishment even more than the adult does.

I find that this man has failed in parental responsibility. He was neglectful of his duties, he was unnecessarily assaultive, and I find the child neglected. I hope that this experience in the court is a lesson to him, not by way of fear of punishment, but by way of instruction and guidance from the court. Children are to be protected against their own parents when the parents exceed the reasonable in correcting them; no human being has a right to beat a child with a broomstick or a grown-up, for that matter, to the extent that the grown-up or the child might have black and blue marks.

I find her neglected, but because I do not believe that the man intended to visit that punishment, no petition under section 61 of the Domestic Relations Court Act of the City of New York is ordered.