Harold A. Felix, J.
In respect to the reserved decision on respondents’ motion to dismiss the neglect petition at the end of the petitioner’s case affecting child Freddie, and after discharge from the petition of the other named children therein: This article 3 proceeding [Family Ct. Act] was initiated undoubtedly by a consensus of view, medical and social agency, that the child Freddie, only a month old, presented a case of a battered child syndrome. Proof of abuse by a parent or parents *162 is difficult because such actions ordinarily occur in the privacy of the home without outside witnesses. Objective study of the problem of the battered child which has become an increasingly critical one, has pointed up a number of propositions, among them, that usually it is only one child in the family who is the victim; that parents tend to protect each other and resist outside inquiry and interference and that the adult who has injured a child tends to repeat such action and suffers no remorse for his conduct.
Therefore in this type of proceeding affecting a battered child syndrome,' I am borrowing from the evidentiary law of negligence the principle of ‘ ‘ res ipsa loquitur ’ ’ and accepting the proposition that the condition of the child speaks for itself, thus permitting an inference of neglect to be drawn from proof of the child’s age and condition, and that the latter is such as in the ordinary course of things does not happen if the parent who has the responsibility and control of an infant is protective and nonabusive. And without satisfactory explanation I would be constrained to make a finding of fact of neglect on the part of a parent or parents and thus afford the court the opportunity to inquire into any mental, physical or emotional inadequacies of the parents and/or to enlist any guidance or counseling the parents might need. This is the court’s responsibility to the child.
I find therefore that a prima facie case has been made out by the petitioner and deny the respondents’ motion to dismiss.