Morris Slifkin, J.
This is a neglect proceeding instituted by an employee of the New York Foundling Hospital against the mother and stepfather of the claimed neglected child based upon a claimed “ battered child syndrome.”
Over the past decade, society has shown an increasing concern with the care and protection of the abused child. In this State, after a substantial legislative inquiry, this broadened community concern has manifested itself in criminal legislation *272 requiring the report to an appropriate public agency of a serious injury or injuries to a child which it is believed is the result of abuse or neglect, by the physician or surgeon, or by the superintendent, manager or person in charge of a hospital or other institution where such child is being treated for the purpose of further investigation and report. (Penal Law, § 483-d, as added by L. 1964, ch. 811, eff. July 1,1964.)
The Family Court, formerly the Children’s Court, of the State of New York is the specialized social instrument which permits the making of an inquiry into the case of an alleged abused child. Under subdivision (b) of section 312 of the Family Court Act a neglected child for the purpose of this proceeding is defined as a female child less than eighteen years of age ‘ who suffers or is likely to suffer serious harm from the improper guardianship * * * of his parents or other person legally responsible for his care and requires the aid of the court ’ ’. It is significant to note that the phrase ‘ ‘ improper guardianship ” represents a definition in terms of the behavior of the parents or other person legally responsible for the care of the child. Such behavior may well include omissions as well as commissions of acts serving to violate those duties required on the part of a parent or person having custody, of “ care, guidance, supervision, love and affection.” (Matter of Carl, 174 Misc. 985, 986.)
In proceedings under this section, the problem of proof by relevant, competent and material evidence of the allegations set forth in the petition presents a legal and social dilemma where the child involved is an infant and at a stage in development where the child cannot testify on his own behalf. At the fact-finding hearing, the petitioner will prevail only when the allegations of the petition are supported by a fair preponderance of the evidence. (Family Ct. Act, § 344.) In connection with such a fact-finding hearing, only competent, material and relevant evidence may be admitted. (Family Ct. Act, § 346.)
In the case of the “ battered child ”, the petitioner is usually a social agency. The social agency admittedly is not present at the time when the acts of omission or commission which are claimed as a basis of the proceeding occurred. The parent or other person having legal custody of the child is the respondent in such a proceeding and obviously will not testify in support of ■the allegations of the petition. The overriding concern of the Family Court is the abused child. If the court is to effectively protect that child when parental or custodial care is dangerously faulty or insufficient, it is apparent that, rules of evidence must be adopted which will permit the court a full inquiry into all *273 of the facts and circumstances to the end that the decision of the court be based on a full disclosure.
In Matter of S (46 Misc 2d 161, 162) Judge Felix states as follows: “ Therefore, in this type of proceeding affecting a battered child syndrome, I am borrowing from the evidentiary law of negligence the principle ' res ipsa loquitur ’ and accepting the proposition that the condition of the child speaks for itself, thus permitting an inference of neglect to be drawn from proof of the child’s age and condition, and that the latter is such as in the ordinary course of things does not happen if the parent who has the responsibility and control of an infant is protective and nonabusive. And without satisfactory explanation I would be constrained to make a finding of fact of neglect on the part of a parent or parents and thus afford the court the opportunity to inquire into any mental, physical or emotional inadequacies of the parents and/or to enlist any guidance or counseling the parents might need. This is the court’s responsibility to the child.”
This position is cited with approval by Professor Monrad G. Paulsen in an article, Legal Framework for Child Protection (66 Col. L. Rev. 679 [April, 1966]) at page 699 in the following language: “ It can be expected that more judges will base findings of neglect upon evidence of unsatisfactorily explained injuries suffered by an infant in his own home, even though the proof fails to point with certainty to one or both parents as the perpetrator of the abuse.”
The court in the instant case adopted the following rules relating to the consideration of the evidence offered in the proceeding:
1. The burden of proof relating to the allegations of the petition remains upon the petitioner to be established by a preponderance of the relevant, competent and material evidence.
2. Once the petitioner has established the existence of injuries sustained by the child which are substantial in character while the child was in the lawful custody of his parents or other person legally responsible for his care, then petitioner is deemed to have established a prima facie case and the burden of coming forward with proof shifts from the petitioner to the respondent who is then required to offer a satisfactory explanation concerning these injuries.
In the instant case, the testimony on behalf of the petitioner established the following injuries sustained by this child:
(a) A pattern of abnormal nervous behavior involving nose picking, apprehension, and withdrawal, as evidenced by jerking of the head and shoulders and staring into space.
*274 (b) Bruised buttocks.
(c) A severe scalp wound requiring five sutures and a broken arm.
Concededly, these injuries were sustained by the child while it was in the care and custody of its mother and its stepfather.
The evidence on behalf of the petitioner indicated that the pattern of nervous behavior in each instance followed a return of the custody of the child from the society to the respondents, that an examination by the physician employed by petitioner, a pediatric specialist, indicated that at the time of his examination following the return of custody of the child to its mother, that the child’s body and arms were covered with bruises, together with a deep abrasion upon the bridge of her nose; and that the deep scalp laceration and the broken arm sustained by the infant occurred within a period of less than two months. Both the physician testifying for petitioner and the physician testifying for respondents, conceded that if such a pattern of bruises appeared as testified, it would have been the result of more than a single fall. Further, the unusual fracture of the arm sustained by the infant, an oblique break of the distal shaft, could not possibly have been caused by locking an arm by her mother as testified by the respondent.
It may be that each of the injuries complained of by peth tioner considered by itself and without regard to the other injuries would not be regarded as evidence of neglect but be regarded as simply an isolated incident not requiring a finding by the court of the commission or omission of a duty owed by the parent to the child. It is only when all of these injuries are taken together that they constitute by virtue of their cumulative effect on over-all pattern which compels a finding that the parent or person having lawful custody of the child has committed or omitted performance of those duties owed by the parent to the child resulting in substantial injuries to the child, and further compelling the finding that the child was and is a “neglected child” within the meaning of section 312 of the Family Court Act.
The conclusion that the infant child in this proceeding is a neglected child is further supported by the discovery of important inconsistencies in the testimony of the witnesses on behalf of the respondents, particularly relating to the incident involving the child’s broken arm.
I, therefore, determine that petitioner has established a prima facie case and that the respondents have failed to furnish the court with a satisfactory or adequate explanation concerning *275 the injuries sustained by the infant. I find that the child, Patricia Young, is a neglected child.
I direct, therefore, that the child remain in the custody of the petitioner subject to the rights of visitation stipulated in court to the respondents and the members of the family of the mother of the child. For the purposes of assisting the court in its dispositional hearing, I direct that an investigation and report be made to this court by the Society for Prevention of Cruelty to Children under the provisions of section 347 of the Family Court Act.