Memorandum. The order of the Appellate Division is affirmed.
The record is replete with admissions by the defendant that he practiced karate on the deceased child and directed the child’s siblings to do so as well. Evidence of guilt is substantially and convincingly established by the defendant’s statements to the police and examining pediatrician that he was "just teaching the kids karate.” He also stated to the first police officer on the scene "she is upstairs. I was teaching them karate” and to another that he had been "too rough on Diane”. These admissions constitute strong and circumstantial evidence of guilt and their probative weight was a question for the trier of fact (see People v Andrus, 38 NY2d 925; People v Kingston, 8 NY2d 384, 388; People v Leyra, 1 NY2d 199, 206, n 3; People v Bretagna, 298 NY 323, 326, cert den 336 US 919; Richardson, Evidence [10th ed], § 540, p 533).
In addition there is expert testimony on the part of three physicians that the child was the victim of the "battered child syndrome” (see, e.g., People v Henson, 33 NY2d 63, 73-74). Two Nassau County medical examiners, one of whom was a karate expert, testified that the death dealing blows to the child’s liver and kidneys were caused by karate chops or fingers poked into the abdominal area and that the child’s siblings, aged five and eight years, could not have caused the fatal injuries. It is also uncontroverted that the defendant was skilled and knowledgeable in the art of karate and there is no evidence that the child’s mother, who was in another room in the home at the time of death, had any such knowledge or skill. The requirements of CPL 60.50 have been amply satisfied since it was clearly demonstrated that the child’s death was a result of criminal agency (see People v Reade, 13 NY2d 42, 45; People v Louis, 1 NY2d 137, 140-141; People v Jennings, 40 AD2d 357, affd 33 NY2d 880). Furthermore, the indicated evidence points to the inevasible conclusion that criminal responsibility for the child’s cruel demise rests with the defendant. We therefore conclude that sufficient facts have been demonstrated from which a logically compelling inference of guilt could be drawn by the trier of fact and that these facts "exclude to a moral certainty every other reasonable hypothesis but guilt” (People v Eckert, 2 NY2d 126, 129; *812 People v Cleague, 22 NY2d 363, 366; People v Leonard, 8 NY2d 60; see, also, People v Benzinger, 36 NY2d 29, 32; Cohen and Karger, Powers of the New York Court of Appeals, § 198, p 743). There is no merit to the other claims advanced by the defendant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuschberg and Cooke concur.
Order affirmed in a memorandum.