■ In the Matter of TASHYNE L., a Child Alleged to be Abused. MAX WALDGEIR, as First Deputy Commissioner of Social Services, Appellant; DARLA L. et al., Respondents.—In a proceeding pursuant to article 10 of the Family Court Act, petitioner appeals from an order of the Family Court, Richmond County, dated April 6, 1976, which, after a hearing, (1) dismissed the petition and (2) ordered that the child be returned to his parents. Order reversed, on the law and the facts, without costs or disbursements, petition granted, and it is determined that the infant is an abused child. The matter is remanded to the Family Court for further proceedings in accordance herewith, which proceedings shall take place before a Judge other than the one before whom the hearing under review was conducted. The record on this appeal amply supports a finding that the infant is an abused child within the meaning of the statute. The infant, Tashyne L., was born to respondents on October 3, 1975. The parents live together but are not married. The mother did not seek or receive prenatal care until one month prior to delivery, and she provided no immunizations or postnatal care for the child until his first hospitalization for treatment, on January 16, 1976. Before the child was three months old, his maternal aunt and grandmother observed bruises, scratches and bloody sores on his face and body. He was admitted to Staten Island Hospital on January 16, 1976 for gastroenteritis and dehydration; he had a temperature of 103 degrees. On January 21, 1976 chest X rays revealed no abnormalities and, on January 24, 1976, the infant was discharged "in good condition". Three days later the infant was admitted to St. Vincent's Hospital, Staten Island, with the following diagnoses: acute gastroenteritis and dehydration, with respiratory distress requiring intravenous fluid therapy, medication and oxygen; multiple abrasions, hematomas and bruises about the face, including scratch marks on his forehead, an excoriation on his nose and bilateral conjunctival hemorrhages in his eyes; dermatitis of the left arm and shoulder (generalized eczema); and multiple fractures of seven ribs and one leg and suspected fractures of both arms. Section 1046 (subd [a], par [ii]) of the Family Court Act states that "proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible". This has been correctly held to mean that, "Once the petitioner has established the

existence of injuries sustained by the child which are substantial in character while the child was in the lawful custody of his parents or other person legally responsible for his care, then petitioner is deemed to have established a prima facie case and the burden of coming forward with proof shifts from the petitioner to the respondent who is then required to offer a satisfactory explanation concerning these injuries" *(Matter of Young,* 50 Misc 2d 271, 273). Although the parents retained lawful custody of the child at all times pertinent to the question of his injuries and debilitated condition, and although both parents testified at the hearing, they offered no satisfactory explanation for the injuries sustained by the child. In such case, the injuries speak for themselves (see *Matter of S.,* 46 Misc 2d 161), and permit an inference of abuse to be drawn from proof of the child's age and that his condition is such as, in the ordinary course of things, does not happen if the parents, who have the responsibility for, and the control of the infant, are protective and nonabusive (see *Matter of Fred S.,* 66 Misc 2d 683). With respect to direct evidence of abuse, there was testimony that the household was at times the scene of violent quarrels between the parents, including the throwing of objects in the presence of the child. There was also testimony, which the Family Court erroneously failed to give any weight, of unduly rough handling of the infant by the father (see *Matter of Edwards,* 70 Misc 2d 858). In our opinion, petitioner established that the infant is a member of that category of persons sought to be protected by subdivision (e) of section 1012 of the Family Court Act and is, in fact and in law, an abused child (cf. *People v Eisenman,* 39 NY2d 810; *People v Friedman,* 39 NY2d 463). The disposition of this case, on remand to the Family Court, shall be in accordance with the following criteria: (1) the degree and extent of the pathology in the family; (2) the apparent need of immediate protection for the child; and (3) the prognosis for success in helping the parents to effect change (see *Matter of Frances,* 49 Misc 2d 372). To fulfill the first criterion, the Family Court shall order psychiatric and psychological examinations of both parents (see *Matter of Shirley D.,* 63 Misc 2d 1012). To fulfill the second criterion, particularly in light of the evidence of violence in the home, the Family Court shall order petitioner to conduct a full child protective investigation, as described in the Social Services Law, and report his findings to the Family Court (Family Ct Act, § 1034). To fulfill the third criterion, the Family Court shall request the Child Abuse Unit of the New York Foundling Hospital, where the child currently is, to evaluate the prognosis for success in helping the parents to effect change. The hearing should be conducted by a judge other than the one who tried this case. We also note that the Trial Judge failed to comply with subdivision (c) of section 1051 of the Family Court Act, which requires that the court set forth the reasons for its determination. Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.