■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN C., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 2, 1975 (the date on the clerk's extract is May 28, 1975), convicting her of criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence. Judgment reversed as to the sentence, on the law, and case remanded to Criminal Term for such resentencing as the court may, in its discretion, impose in accordance with the provisions of CPL 720.20. To the extent that CPL 720.10 conditions eligibility for youthful offender treatment entirely upon the highest count of the accusatory instrument, it is unconstitutional (see *People v Carlos S.,* 40 NY2d 990, revg 51 AD2d 1, for the applicable reasons set forth in the dissenting opn of Mr. Justice Rabin at the App Div). Accordingly, the case must be remanded for such resentencing as the Criminal Term may, in its discretion, impose (see *People v Victor M.,* 56 AD2d 581). Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARIANO D. Respondent.—Appeal by the People from a sentence of the Supreme Court, Kings County, imposed March 19, 1976, upon an adjudication that defendant was a youthful offender, after his plea of guilty to the crime of criminal possession of a controlled substance in the second degree. Sentence affirmed. Under the facts, the granting of youthful offender status was a proper exercise of discretion. Accordingly, the sentence appealed from was not invalid as a matter of law (see CPL 720.20; 450.20, subd 4). To the extent that CPL 720.10 conditions eligibility for youthful offender treatment entirely upon the highest count of the accusatory instrument, it is unconstitutional (see *People v Carlos S.,* 40 NY2d 990, revg 51 AD2d 1 [for the applicable reasons stated in the dissenting opn of Mr. Justice Rabin at the App Div]; see, also, *People v Victor M.,* 56 AD2d 581). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DZIELAK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered May 5, 1976, upon resentence, convicting him of attempted robbery in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing concurrent indeterminate sentences, each with a maximum of five years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences upon each of the convictions to concurrent indeterminate terms with a maximum of three years. As so modified, judgment affirmed. The sentences were excessive to the extent indicated herein. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ETHERIDGE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 3, 1974, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. On the basis of all of the facts adduced in the proof, the defendant was entitled to a charge on circumstantial evidence (see *People v Eisenman,* 39 NY2d 810; Richardson, Evidence [Prince, 10th ed], § 540, p 533). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.