■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFORD JAMES GARY, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Levine, J.), rendered March 20, 1980, convicting him of assault in the third degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Defendant beat the child of his paramour with a belt. The blows struck by defendant resulted in bruises all over the child's body, including welts on his face, arm, back and thighs, requiring five days' hospitalization. At trial, defendant asserted the defense of justification (Penal Law, § 35.10, subd 1). The statute allows for the "use of physical force upon another person which would otherwise constitute an offense" if the person is "[a] parent, guardian or other person entrusted with the care and supervision of a person under the age of twenty-one". A person falling within this statute is justified if he uses "physical force, but not deadly physical force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote the welfare of such person" (Penal Law, § 35.10, subd 1). Defendant claimed that he was covered by the statute in that he was entrusted with the care and supervision of the child. Even if this were so, we find that the child's mother revoked the "privilege" to discipline her son with physical force when she implored defendant to stop beating her son and told defendant "don't bother my son anymore". Also, even if defendant were an actual parent, he is only justified in using such physical force as he reasonably believes is necessary to discipline the child (see Penal Law, § 35.10, subd 1; *People v Franklin,* 79 AD2d 611). We conclude that the beating of a child cannot be justified when it results in visible evidence such as bruises all over his body coupled with an inability to speak because of a swollen face and subjects the child to hospitalization for five days. We have examined defendant's remaining contention on appeal and find it to be without merit. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.