■ In the Matter of CYNTHIA V. and Another. COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant; CALVIN V. et al., Respondents. — In a child protective proceeding pursuant to article 10 of the Family Court Act, the appeal is from an order of the Family Court, Queens County (Fogarty, J.), dated January 8, 1982, which, after a hearing, dismissed the petition against the respondent parents. Order reversed, on the law and the facts, without costs or disbursements, and petition granted to the extent of finding the infants Cynthia and Kelly V. to be neglected. The proceeding is remitted to the Family Court, Queens County, for a dispositional hearing. In the interim, the children are committed to the custody of the petitioner, the Commissioner of the Department of Social Services of the City of New York. A "[n]eglected child" is defined as a child under 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * * in [inter alia] providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment * * * or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act, § 1012, subd [f], par [i], cl [B]). At a fact-finding hearing, any determination that the child is abused or neglected must be based on a preponderance of the evidence (Family Ct Act, § 1046, subd [b], par [i]). While the petitioner bears the burden of establishing neglect, the respondent must then present a satisfactory explanation to rebut petitioner's prima facie showing of neglect (Matter of Rose B., 79 AD2d 1044; Matter of Tonita R., 74 AD2d 830; Matter of Tashyne L., 53 AD2d 629). While the record does not establish a prima facie case of sexual abuse on the part of either parent, the unexplained evidence of vaginal and rectal penetration and the marks and contusions on the children's bodies overwhelmingly support a finding that they are neglected within the meaning of the Family Court Act. Several casework- ers, a doctor and a nurse observed bruises on the children's torsos and faces. Upon being questioned, the children attributed some of the injuries to their mother. Proof of injuries sustained by a child or of a condition which would not ordinarily exist except by reason of the acts or omissions of a person legally responsible for the care of such child is prima facie evidence of neglect (Family Ct Act, § 1046, subd [a], par [ii]). Neither parent has presented a satisfactory explanation to rebut petitioner's prima facie showing of neglect. Inasmuch as the record reveals that the children were often placed under the care of their paternal grandmother, with whom the respondent father resided after his separation from the respondent mother, it is evident that he had sufficient contact with them to have observed their mistreatment and to have taken curative measures. His failure to have protected the children from physical injury and the imminent danger of further injury is evidence of his failure to exercise a minimum degree of care. The mother's attempts to attribute the children's injuries to falls or accidents are insufficient to account for the numerous bruises observed on their bodies. In such a case, the injuries speak for themselves (Matter of Tashyne L., supra). As parens patriae, courts are entrusted with insuring that uniform standards concerning the proper care and treatment of children are applied in every case, irrespective of cultural diversity (Matter of M. Children, 91 AD2d 612). On the facts of this case, it is evident that respondents have not complied with such standards. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.