Carpinello, J.
Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered August 3, 2007, convicting defendant following a nonjury trial of the violation of harassment in the second degree.
Defendant was charged with harassment in the second degree following a domestic incident involving his teenage daughter. At the nonjury trial that ensued, each gave a different version of what transpired on the night in question. The daughter testified that defendant arrived home one evening in an intoxicated state and demanded that she go to bed. When she replied that it was not her bedtime, defendant yanked a hair device out of her hand and threw it out the front door. After a few more words between them, according to the daughter, she acceded and went to bed. She thereafter got out of bed because her parents were arguing loudly. At this time, again according to the daughter, defendant told her “to get back into bed” and she immediately complied by taking a few steps backwards into her room. At this point, defendant followed her, kicked an item located on her floor and then proceeded to place his hands on her shoulders and push her. She fell into a ladder attached to a loft bed.
Defendant, on the other hand, testified that on the night in question, he became “a little angry” at his daughter for doing her hair near the kitchen and talking back to him. He admitted that he grabbed the hair device out of her hand, opened the front door and “chucked it across the driveway.” After she would not go to bed as directed, he claimed that he “took her by the arm and [he] escorted her to her room . . . firmly, but not overly firmly.” He denied ever pushing or shoving her. At trial, defendant asserted a justification defense, that is, he argued that his conduct that night represented permissible disciplinary treatment of an insolent child by a parent (see Penal Law § 35.10 [1]). County Court, finding the daughter’s testimony to be credible, found defendant guilty as charged and thereafter sentenced him to 15 days in jail. He now appeals.
Defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. He further claims that the People failed to disprove his justification defense beyond a reasonable doubt. To this end, Penal Law § 35.10 (1), as relevant here, does permit a parent to use reasonable physical force to discipline his or her child when *1049 that parent reasonably believes it is necessary to maintain discipline (see People v Franklin, 79 AD2d 611, 612 [1980]; see generally Matter of Aaliyah Q., 55 AD3d 969 [2008]; Matter of Collin H., 28 AD3d 806, 809 [2006]). In determining whether a parent’s belief regarding the need to use physical force to maintain discipline was reasonable, the trier of fact “must consider whether a reasonable person in the same position as [the parent] . . . would have believed that such force was necessary” (1 Charges to Jury and Requests to Charge in a Criminal Case in New York § 5:23; see People v Franklin, 79 AD2d at 612).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant’s guilt of harassment in the second degree beyond a reasonable doubt, namely, that he shoved his daughter with the intent to harass, annoy or alarm her (see Penal Law § 240.26 [1]). We also find it was legally sufficient to disprove the justification defense (see Penal Law § 35.05 [1]). Crediting the daughter’s version of events, defendant had no legitimate parental purpose for forcefully shoving her since she was obeying his command to go back to bed. Stated otherwise, his conduct under these circumstances—a forceful shove of a frightened and retreating child in the midst of an angry argument with the other parent—cannot reasonably be viewed as a necessary disciplinary or corrective measure.
To the extent that defendant argues that his daughter’s version of events was implausible, this contention involves an issue of credibility. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495 [1987]). We are likewise unpersuaded that the sentence imposed was harsh or excessive.
Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.