## SUPREME COURT — HERKIMER COUNTY.

### January, 1923.

## THE PEOPLE v. ROBERT H. PETRIE.

(120 Misc. 221.)

SCHOOL TEACHER MAY ADMINISTER MODERATE PUNISHMENT TO PUPIL—CONVICTION FOR ASSAULT REVERSED.

Where the evidence shows that the chastisement inflicted by a school teacher upon a refractory scholar was reasonable in manner and moderate in degree, a judgment convicting the teacher of an assault in the third degree will be reversed.

APPEAL from judgment of Court of Special Sessions.

*Edward M. Brown,* for appellant.

*W. Earl Ward, District Attorney,* for respondent.

BELL, J.:

Appellant was convicted on November 3, 1922, in a Court of Special Sessions, Herkimer county, of assault in the third degree, and from such conviction he appealed.

Appellant was arrested October 30, 1922, arraigned, plead not guilty, and an adjournment taken to November 3d at 3:30 P. M., when trial was had; neither side had an attorney.

The appellant is the principal of, and one of the teachers in, the East Herkimer school, it being his second year there.

It appears from the return that about 10 A. M. on October 30, 1922, Charles Engell, aged fifteen, and a scholar at this school, did not have his English lesson and about which he and appellant had some talk and trouble, resulting in the chastisement of this boy by appellant striking him a number of times on his rump and legs with a one-half-inch rubber syphon hose.

Thereafter the boy went to work at his other lessons and when he went home at noon told his mother what had occurred, and she sent word to his father, who went home and then went before the justice, verified the information, a warrant was issued and the teacher arrested. The boy went back to school next morning.

After the evidence was closed the following appears from the return: The justice then said " that according to the evidence rendered in this case, there is no doubt in my mind as to whether or not there was an assault on Charles Engell. It is very plain to me that there was."

It does not appear by any witness, including this boy, that he was physically injured or hurt in the slightest degree or in any manner or received any marks or was caused any bodily pain whatever as a result of this chastisement, or that he at any time complained of being physically hurt or injured in the slightest degree or in any manner. It does not appear but that this boy is of full size for his age and in good health. No anger or passion or malice on the part of this teacher was shown.

Section 246, Penal Law, which follows the assault sections, provides: " To use or attempt, or offer to use, force or violence upon or towards the person of another is not unlawful in the following cases:

" 4. When committed by a parent or the authorized agent of any parent, or by any guardian, master, or teacher, in the exercise of a lawful authority to restrain or correct his child, ward, apprentice or scholar, and the force or violence used is reasonable in manner and moderate in degree."

It will be noticed that the same rule applies to a teacher as to a parent, and I am sure that if the father or mother of this boy had done just what this teacher did and had been arrested that there would not have been a conviction.

A scholar may be punished for refractory conduct and the teacher is not liable therefor if the chastisement was, under the circumstances, reasonable. (Starr v. Liftchild, 40 Barb. 541.).

In Dowlen v. State (14 Tex. App. 61) the court said: " ' Violence used to person ' is not unlawful, and ' does not amount to an assault and battery in the exercise of moderate restraint or correction given by law to * * * the teacher over the scholar.' * * * In all such cases the law presumes, from the relation of the parties, an entire absence of any criminal or unlawful intent to injure; and, in order to effect lawful purposes, permits the * * * teacher to restrain and correct the * * * scholar. * * * He has the right, under the law, to inflict moderate corporal punishment for the purpose of restraining or correcting the refractory pupil."

In Lander v. Seaver (32 Vt. 114) the court said: " A schoolmaster has the right to inflict reasonable corporal punishment. He must exercise reasonable judgment and discretion in determining when to punish and to what extent. In determining upon what is a reasonable punishment, various considerations must be regarded; the nature of the offense, the apparent motive and disposition of the offender, the influence of his example and conduct upon others, and the sex, age, size and strength of the pupil to be punished. Among reasonable persons, much difference prevails as to the circumstances which will justify the infliction of punishment, and the extent to which it may properly be administered. On account of this difference of opinion, and the difficulty which exists in determining what is a reasonable punishment, and the advantage which the master has by being on the spot to know all the circumstances, the manner, look, tone, gestures and language of the offender, (which are not always easily described,) and thus to form a correct opinion as to the necessity and extent of the punishment, considerable allowance should be made to the teacher by way of protecting him in the exercise of his discretion. Especially should he have this indulgence when he appears to have acted from good motives and not from anger or malice."

A teacher must be in authority and have control in a school.

If not, there would be no school. Many years ago a learned and judicious schoolmaster said to Charles II in the plenitude of his power: " Sire, pull off thy hat in my school—for if my scholars discover that the King is above me in authority, they will soon cease to respect me," and the king pulled off his hat, to demonstrate, by example, that the schoolmaster's authority should be respected even by a king.

The evidence in this case shows that this chastisement was reasonable in manner and moderate in degree, and it seems to me from the finding of the justice that said subdivision 4 was not taken into consideration, and that if his attention had been called to it the defendant would have been acquitted.

Judgment of conviction reversed.

Judgment reversed.