THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LEWIS W. NEWTON, Defendant.

City Court of White Plains, July 12, 1945.

*Samuel Blumenthal* for complainant.

*Charles A. Voss* for defendant.

McKINLEY, Acting J. This is a charge of assault in the third degree, on the information of Steven Hogan, a pupil in his junior year at the White Plains High School, against the defendant, a teacher and athletic coach at the school. The assault is claimed to have taken place on June 15, 1945, during class day assembly. Defendant's Exhibit A shows that special arrangements were made for the assembly and that Frank H. Nye, the principal of the school, gave some of the teachers, including the defendant, certain specific assignments. The assembly program was "for all Seniors and Juniors and for those Sophomores who wish to attend.". The announcement was read in the school and was heard by Steven Hogan, or should have been heard by him, as he apparently cut some classes. Defendant's Exhibit A further provides that the sophomores who did not wish to attend the assembly were to go directly from the school grounds, and then the juniors and the sophomores who wished to attend would pass to assembly and thereafter the seniors. All others were to leave the vicinity of the school. The defendant with some other teachers was charged by the principal of the school with checking the school grounds and enforcing these rules or arrangements. Steven Hogan went to the assembly, and at first refused to take a seat with the other pupils, until specifically instructed by the prin-

cipal to take a seat and to stay there. Instead Hogan asked and received permission from a teacher to go to the boys' room and failed to return, and instead left the school building. He then walked across the campus to a place where the school grounds adjoin a street and a spot where apparently " Hot Dog Joe " parks his automobile to sell refreshments to the pupils of the school. About this time Steven Hogan encountered the defendant. The defendant knew Steven Hogan. He had heard that he had been taken out of several classes. The defendant testified that he knew Hogan had to be watched. The defendant knew that Principal Nye had spoken to the parents of Steven Hogan about his conduct in school. The defendant also knew that Hogan was tardy some and absent a whole lot. The defendant told Hogan and several other pupils to leave. The other pupils left but not Hogan. Hogan said he was not on school property and the defendant told him he would have to leave the vicinity of the school. Hogan had undoubtedly been drinking beer before the encounter with the defendant. The defendant said he smelt liquor on Hogan's breath. Several teachers who testified said they smelt beer on his breath and accused him of drinking beer or of being drunk. According to some of these teachers Hogan admitted he had been drinking beer; but, he claimed he could pass an alcoholic test. There was also testimony by the defendant that Steven Hogan was " bleary-eyed " and " dazed ". In this connection, it must be borne in mind that Hogan did not take the stand to deny that he was drinking beer or that he swore at the defendant. According to Steven Hogan the defendant asked him if he understood him and Hogan said he heard him the first time. That the defendant then dragged him into the street, ripped his shirt, pushed him against a car and choked him with his hands and said " Do you understand me? ", and then pushed him into the bushes with one hand and then choked him again. According to the defendant, he told Hogan that he (Hogan) knew the regulations and he should leave. That Hogan told him he was sorry but he was going to stay. That the defendant then grasped Hogan's shirt with both hands, about where the coat lapels would be, and shook him, and then stopped and said, " Do you understand me, you must leave ", or words to that effect. That Hogan then swore at him and still did not leave. That the defendant (as demonstrated in court), then put his fingers on the sides of Hogan's throat with his thumbs under Hogan's chin and applied pressure with his thumbs. That he did this to stop the flow of swear words,

and to discipline Steven Hogan, and that Hogan in putting up his arms fell over into the hedge. A number of students testified they heard the defendant say to Hogan several times, " Do you understand me? ". They also testified that the defendant choked Hogan several times and lifted him off his feet while choking him. I am of the opinion, however, that from the distance away which they were, that they could not see too clearly what was happening, and I am inclined to accept the testimony of the defendant. A doctor called by the complainant testified that he examined him the same afternoon. That he found several marks on the throat, and also contusions and ecchymosis areas. The latter are commonly known as bumps and black and blue marks. The defendant admits that his finger nails scratched the complainant's neck, explaining that his finger nails were long at that time.

So much for the facts. The law, subdivision 4 of section 246 of the Penal Law, which is found in the chapter relating to assaults, provides that the use of force or violence upon the person of another is not unlawful, when committed by a teacher to restrain or correct a scholar, if the force or violence used is reasonable in manner and moderate in degree. The section places the teacher and pupil in the same category as a parent and child, and our courts have so held. (*People* v. *Petrie*, 120 Misc. 221; *People* v. *Mummert*, 183 Misc. 243.) The statute does not give any definition of what force is reasonable in manner and moderate in degree. The two cases cited, however, furnish some guidance. In the *Petrie* case (*supra*), a man who was the principal and a teacher used a one-half inch rubber hose on the rump and legs of a pupil a number of times and the court held this did not constitute an assault. In determining if the punishment or discipline is reasonable, the court held that the following factors can be considered: nature of offense, motive of offender, effect of his example and conduct on other pupils, the sex, age, size and strength of the pupil. In the *Mummert* case (*supra*) a principal placed a pupil over a chair and spanked him with a ruler or some similar object. The court held that this did not constitute an assault, and further said that the principal in determining the amount of punishment could consider reports from teachers showing the prior conduct of the pupil on school premises or with other pupils even off the school premises. Accordingly, I hold that the defendant was entitled to consider the prior conduct of the complainant of which he had knowledge as recited hereinbefore. On the trial the complainant moved to strike out all

evidence of the prior conduct of complainant of which the defendant had no knowledge and the court reserved decision on this motion. That motion is now granted and all such evidence, both testimony and exhibits, is hereby stricken from the record. Such evidence has not been considered by the court in rendering its decision. The evidence as to the complainant's conduct on June 15, 1945, is not stricken out as I feel this is material.

There is one other rule of law which should be discussed. Subdivision 4 of section 246 is not a defense to be proven by the defendant. This is a modification of the definition of assault where a teacher and scholar are concerned, and the complainant has the burden, as in every criminal case, of proving the defendant's guilt beyond a reasonable doubt.

As is said in both of the cited cases, people will differ as to what force is reasonable in manner and moderate in degree. Taking into consideration the prior conduct of the complainant, the lack of malice on the part of the defendant, the nature of the offense of the pupil, his motive, the effect of his conduct on other pupils, and his size and strength, I find and decide that the guilt of the defendant has not been proven beyond a reasonable doubt.

A school or a school system is entitled to maintain discipline, just as much as the courts are entitled to maintain respect for laws and enforce the laws. Accordingly, if a school teacher cannot maintain respect for or obedience to a school rule or instruction, the teacher is entitled to and should maintain such respect or obedience with force, if necessary, and under the proper conditions. The defendant, being found not guilty, is accordingly discharged.