John P. Griffith, J.
This is a charge of assault in the third degree on the information of Arthur Ebert, a pupil in the Columbus School at MacArthur Circle, in the city of Mt. Vernon.
The information filed against the defendant, who is a teacher at the school, claims that the assault took place on the 2d day of February, 1956, during a music class.
The case has been very vigorously prosecuted, and with equal vigor defended.
It appears that Arthur Ebert was a student in the class of the defendant on the day in question. Concededly, the child was punished by the defendant.
The issue which was presented to the court revolves upon the question as to whether the punishment was “ reasonable in manner and moderate in degree ” (Penal Law, § 246, subd. 4). It further is important to ascertain all of the circumstances and facts surrounding the incident.
Arthur Ebert is a child presently 12 years of age. He appears to be of average height, and is stated to weigh some 70 pounds.
A digest of the testimony offered by both sides makes it appear that on the day of the incident complained of, the child was slouched at his desk and refused to follow the instruction of the defendant. He was then forcibly removed from the room and taken to the gymnasium. Again, the child refused the direction of the teacher, at which time, the teacher slapped the boy with his open hand on the right cheek.
The boy’s version of the assault was that the teacher picked him up by the neck and threw him against the wall, and that he *914 then took him out in the hall and hit him. At this point the boy said to the teacher that he should take his hands off him, ‘ ‘ if my brother-in-law was here you would not hit me. ’ ’ The teacher told him to sit down, and the boy said he wanted to stand, whereupon, the teacher pushed him into the chair, and when the boy got out of the chair, the teacher struck him.
There is no testimony that the teacher used any weapon. There is a conflict as to whether the teacher struck the boy with an open hand or with a clenched fist.
The injuries alleged to have been sustained are in dispute. The prosecution produced the medical records of the Mt. Vernon Hospital, which were to the effect that the boy was found to have an abrasion of the right nostril and an abrasion on his back.
The testimony of Dr. Salcedo was to the effect that he had no independent recollection of the incident, but that his record indicated that the boy was suffering from what is commonly termed a “ bloody nose ” and a scratch on his back.
Dr. Lombardi, also called by the prosecution, testified that he was the family physician, that he attended the boy four days after the incident, that he found him to have sustained an abrasion of the bridge of the nose and an abrasion of the lower right eyelid. This doctor had no record of the alleged abrasion on the back.
The defense minimized the injuries claimed by establishing that on the night of the incident, the boy attended a meeting of the Westchester Cadets, at which time he engaged in all of the activities.
The teachers and the principal called by the defense negated the seriousness of the injuries.
There was considerable testimony offered by the defense to establish the previous unruly character of the complainant. The court feels that this testimony was of some help in establishing that the conduct of the boy was unruly and disturbed the orderly conduct of the classroom. It is accepted for that purpose, and for no other purpose.
At the outset, it should not be overlooked that the decision in this matter is controlled by section 244 and subdivision 4 of section 246 of the Penal Law.
Section 244 defines assault in the third degree.
Subdivision 4 of section 246, as it is pertinent to the case at bar, is as follows:
“ To use or attempt, or offer to use, force or violence upon or towards the person of another is not unlawful in the following cases: * * *
*915 “ 4. When committed by a parent or the authorized agent of any parent, or by any guardian, master, or teacher, in the exercise of a lawful authority to restrain or correct his child, ward, apprentice or scholar, and the force or violence used is reasonable in manner and moderate in degree ”.
In view of the foregoing, the court must be satisfied by the evidence beyond a reasonable doubt that the defendant assaulted the boy willfully and intentionally, and that such assault was not committed by him in the exercise of lawful authority to correct the child, and further, that the force of violence used was not reasonable in manner and was not moderate in degree. (People v. Mummert, 183 Misc. 243.)
An examination of- the record is, therefore, necessary to determine whether the evidence as it was adduced on this trial is sufficient to sustain a conviction within the purview of the foregoing.
That the teacher struck the boy is conceded. That the teacher was acting in the exercise of lawful authority and was attempting to discipline the child appears to be clear from the evidence.
It further is apparent that the child was insubordinate, and by his own testimony, was disobedient to the teacher in charge.
It is further clear that the conduct of the complainant did have a tendency to undermine the authority of the teacher and to disturb the orderly conduct of the class.
Subdivision 4 of section 246 has never been construed by the courts as giving unto a teacher or a person in like authority unlicensed power to punish and chastise. However, it has been construed from the very words themselves as permitting a teacher to restrain or correct a scholar by punishment if the force of violence is reasonable in manner and moderate in degree. The teacher stands in the same category as a parent. There is no question but that if a parent would punish a child for an infraction of the household rules and regulations, the parent would not be guilty of an assault. The teacher stands in loco parentis.
In the case of People v. Petrie (120 Misc. 221, 222) the following interesting statement appears: “ A scholar may be punished for refractory conduct and the teacher is not liable therefor if the chastisement was, under the circumstances, reasonable.”
In Dowlen v. State (14 Tex. Cr. App. 61, 65-66) the court said: “ 1 violence used to person ’ is not unlawful, and ‘ does not amount to an assault and battery in the exercise of moderate restraint or correction given by law to * * * the teacher over the scholar.’ * * * In all such cases the law presumes, *916 from the relation of the parties, an entire absence of any criminal or unlawful intent to injure; and, in order to effect lawful purposes, permits the * * * teacher to restrain and correct the * * * scholar. * * * He has the right, under the law, to inflict moderate corporal punishment for the purpose of restraining or correcting the refractory pupil.”
The provisions of subdivision 4 of section 246 of the Penal Law contemplates corporal punishment which is reasonable and moderate. The Legislature, in its wisdom, enacted these provisions so that the authority of the teacher might be supreme in the classroom. The permission to mete out reasonable and moderate punishment finds sanction in Holy Writ.
Proverbs, chapter 23: “ Withhold not correction from the child, for though thou beat him with the rod, he shall not die. “ Thou shall beat him with the rod, and shalt deliver his soul from the netherworld.” (Verses 13, 14.)
Proverbs, chapter 22: “Foolishness is bound up in the heart of a child, but the rod of correction shall drive it from him.” (Verse 15.)
Proverbs, chapter 29: “ The rod and reproof give wisdom; but a child left to himself causes shame to his mother.” (Verse 15.)
The court has given long and serious consideration to the decision in this case. Moreover, the court is mindful of the natural exuberance, and in some cases, willfulness of some children. The court is mindful of the fact that some children take to discipline more easily than others; that some accept direction and correction, and that others resent the same.
The court is appreciative of the fact that the statute permits punishment and that the Bible sanctions the same.
The court, however, does not condone excessive chastisement, nor does the court believe that a teacher should be given unrestricted permission to gratify a vindictive urge.
The court is also mindful of the fact that sometimes reward and good example and personal interest are much more efficacious than stern and harsh punishment.
Within the orbit of this thinking, the court has examined the testimony minutely, and has come to the conclusion that there was no malice on the part of the defendant in punishing the complainant. Eliminating the question of malice, and in evaluating the conduct of the teacher, the court finds that in the light of the conduct of the complainant, the actions of the teacher were not such that would warrant a conviction of assault in the third degree, and I find that the guilt of the defendant has not been found beyond a reasonable doubt.
*917 It is the thought of the court that the teacher must be supreme in his classroom; like any other person placed in authority, he must use the authority vested in him wisely, and never excessively. The court feels that the Legislature has cloaked the teacher with authority so that he may maintain the authority and decorum necessary for the proper conduct of the classroom. Instruction can only be properly and successfully given by one who has the authority over his pupils and who has their respect. The teacher is vested with the right to give orders and as a concomitant of the same he should have sanctions to enforce them.
The court finds the defendant not guilty, and he is accordingly discharged.