▉ In the Matter of ROGER G. SMART, Respondent, v. RICHARD L. FRANCIS, as Director of Sunmount State School, New York State Department of Mental Hygiene, Tupper Lake, New York, Appellant.— Judgment, Supreme Court, Clinton County, entered on March 9, 1972, affirmed, without costs. No opinion. Staley, Jr., J. P., Sweeney, Kane and Main, JJ., concur; Greenblott, J., dissents and votes to modify the judgment and dismiss the petition in the following

memorandum. Greenblott, J. (dissenting): Petitioner was employed as an attendant at the Sunmount State School, an institution for mentally retarded children under the jurisdiction of the State Department of Mental Hygiene. In December, 1970 he was notified that a charge of misconduct was being preferred against him for allegedly having assaulted a resident, one Alan Jones, by pushing him to the floor resulting in a laceration over the left eye. Petitioner elected to be tried in a supplementary disciplinary proceeding pursuant to a contractual agreement between the State and the Civil Service Employees Association. Under the provisions of that agreement, an outside hearing officer was selected by mutual consent, and petitioner agreed to be bound by the officer's findings on guilt or innocence. Petitioner was found guilty of the charge, and Special Term concluded that that portion of the hearing officer's determination was supported by substantial evidence. The hearing officer recommended that a penalty of five days' suspension be imposed. The contract provided that the penalty could "not exceed the recommendation of the hearing officer unless the appointing officer shall, on the whole record, have justifiable reason for doing so and shall state his reasons in a report which shall be served upon the employee". Article 78 review of the penalty in such a case is specifically allowed. The Director, the appointing officer, rejected the recommendation and dismissed petitioner from the service because he "did, in fact, perform an act or acts resulting in physical harm to a resident". In reversing this determination and directing the implementation of the hearing officer's recommendation, Special Term found that the Director's only reason for increasing the penalty was that petitioner was in fact guilty of misconduct. With this conclusion I cannot agree. A reading of the Director's letter of dismissal clearly indicates that the penalty of dismissal was not being imposed merely because of a finding of guilty on some technical charge of misconduct, but in fact because the misconduct consisted of a very serious act of physical abuse of a mentally retarded resident. The Director appears to have made a reasonable determination in the best interests of the institution and those under its care (*Matter of Traber* v. *Feinstein*, 39 A D 2d 643, affd. 32 N Y 2d 860; *Matter of Blackmon* v. *Feinstein*, 39 A D 2d 642). I, therefore, vote to modify the judgment and dismiss the petition.