Fuchsberg, J.
In an article 78 proceeding, the Board of Education of Deposit Central School District appeals from a judgment which, while confirming so much of the determination of the board as sustained a charge of incompetence and professional misconduct lodged against the petitioner, a tenured teacher, annulled so much of it as sustained two charges *267 relating to physical abuse of his students. The Appellate Division also reduced the penalty from dismissal as of the date of filing of the charges to three months’ suspension without pay.
The principal issue is whether the excessive use of force against schoolchildren by a teacher may form the basis for the disciplining of the teacher where the force employed is not sufficient to constitute a crime. We hold that it may.
The two charges with which we are primarily concerned here are one for physical abuse and one for insubordination, the latter stemming in the main from a failure to adhere to regulations and instructions regarding corporal punishment. The board sustained both of these charges after a full hearing at which there was ample opportunity for the teacher to present his defense. The parties concede that, while State law does not forbid teachers from administering corporal punishment, State educational policy delegates its permissibility and control to local school authorities and that, when permitted, corporal punishment must be "reasonable in manner and moderate in degree”. Our review of the record here discloses that there was substantial evidence to support the factual determinations of the board. There was proof that the teacher had engaged in repeated acts of physical abuse, some in the face of prior admonitions to the teacher by school authorities, and that he had ignored binding guidelines with respect to corporal punishment contained in the district’s teaching manuals and in supplementary instructions communicated to him by the school principal. The board’s findings should therefore have been upheld on appeal (Matter of Peres v Frank, 40 NY2d 868; Mattar of Eno v Frank, 40 NY2d 869).
But that does not end the matter. The teacher, citing both subdivision 1 of section 35.10 of the Penal Law and Matter of Clayton v Board of Educ. (49 AD2d 343), takes the categorical position that the two charges must be dismissed because of lack of proof that petitioner’s acts of corporal punishment constituted a crime.
Subdivision 1 of section 35.10 of the Penal Law grants a defense of justification to parents, guardians, teachers and other persons entrusted with the care of minors who "reasonably” resort to physical force to discipline their charges (e.g., People v Baldini, 4 Misc 2d 913; People v Mummert, 183 Misc 243; see, generally, Levy, Criminal Liability for the Punishment of Children: An Evaluation of Means and Ends, 43 J *268 Crim Law and Criminology 719, 730-732). However, the statute does not set the standard to which teachers may be held in the performance of their professional duties in a noncriminal context.
Thus, a school district may conclude that the use of corporal punishment is improper when administered in particular circumstances or in a particular manner, irrespective of whether it is or is not a crime (cf. Matter of Smart v Francis, 35 NY2d 872, revg 43 AD2d 623; Restatement, Torts 2d, § 150). Put another way, disciplinary charges against teachers are not criminal proceedings. Indeed, their primary function is not punitive, but rather the determination of the fitness of the teachers against whom they may be brought to continue to carry on their professional responsibilities (cf. Matter of Ropiecki, 246 App Div 80, 86 [attorneys]; Matter of Pepe v Board of Regents, 31 AD2d 582, 583, mot for lv to app den 24 NY2d 741 [physician]; Matter of Bell v Board of Regents, 295 NY 101 [dentist]). Moreover, the proof necessary to sustain such charges is not the same as that required to disprove the justification defense provided by the Penal Law (see Penal Law, §§ 35.00, 25.00; People v Steele, 26 NY2d 526).
Nor does the fact that the statute under which the proceedings here were brought (Education Law, § 3020-a) does not, in so many words, expressly refer to physical abuse of pupils as a ground on which tenured teachers may be removed mean that the conduct here was not within the embrace of that statute. Although the statute, as relevant to this case, lists only "(a) Insubordination, immoral character or conduct unbecoming a teacher [and] (b) Inefficiency, incompetency * * * or neglect of duty” as causes for removal (Education Law, § 3012, incorporated by reference into Education Law, § 3020-a), the Commissioner of Education has long held that excessive or otherwise improper use of physical force against pupils comes within the scope of the statute (Matter of Kelly, 13 Ed Dept Rep 122 ["unauthorized use of corporal punishment and dereliction of duty”]; Matter of Donahue, 12 Ed Dept Rep 104 ["incompetence”]; Matter of Donnenberg, 1 Ed Dept Rep 42 ["incompentecy and inefficient service”]; see, also, Matter of Jerry v Board of Educ., 50 AD2d 149, app dsmd 40 NY2d 847).
It is interesting too that even in Clayton, assuming that case was correctly decided, while the charges of excessive force were rejected because they were not supported by substantial evidence, the court indicated that, had they been so supported, *269 they could have served to "establish the charges” of insubordination and conduct unbecoming a teacher (Matter of Clayton, 49 AD2d, at p 346, supra).
Having concluded that the determination of the board should have been upheld as to all three charges, we also find that the punishment imposed by the board is not so disproportionate as to warrant judicial correction (Matter of Alfieri v Murphy, 38 NY2d 976; Matter of O’Connor v Frank, 38 NY2d 963; Matter of Pell v Board of Educ., 34 NY2d 222).
We do, however, agree with the Appellate Division that petitioner was entitled to be paid his salary up to December 16, 1974, the date of his termination. Section 3020-a of the Education Law does not authorize the withholding of pay during a period of suspension pending determination of disciplinary charges (Matter of Jerry v Board of Educ., 35 NY2d 534). The proscription against such withholding may not be circumvented indirectly by fixing the effective date of punishment retroactively.
Accordingly, the judgment of the Appellate Division should be modified as indicated in this opinion.