■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE FRANKLIN, Also Known as JAMES WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 27, 1978, convicting him of assault in the third degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, indictment dismissed and the case is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The charges in this case stem from an incident in which defendant, using a belt, struck Anthony and Andre Burke, the children of Edwina Burke, a woman with whom defendant was living and by whom he had fathered a child. The blows struck by defendant landed on various parts of the boys' bodies. Andre, who was five at the time of the incident, received bruises on his face, a swollen lip, and welts on his arms, trunk, buttocks and thighs. Anthony, who was then eight, received welts on his face, ear, neck, arms, chest, buttocks and thighs. It appears from all the evidence that defendant and Mrs. Burke had agreed that defendant would share the responsibility for the supervision, care and discipline of the children. It further appears that at the time of the incident the boys had been fighting, that Andre had complained to defendant that Anthony had hit

him and that defendant had warned the boys that if they persisted in their fighting they would be beaten. When they did persist, defendant, angered, hit the boys with a strap while they ran about the room. There was also evidence tending to show that Anthony, an albino, is a pseudohemophiliac so that he bruises more easily and shows greater discoloration than other people. Throughout the instant proceedings defendant admitted beating the children. He based his defense on a claim that his use of force was not criminal and was justified under subdivision 1 of section 35.10 of the Penal Law, which provides: "The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances: 1. A parent, guardian or other person entrusted with the care and supervision of a person under the age of twenty-one or an incompetent person, and a teacher or other person entrusted with the care and supervision of a person under the age of twenty-one for a special purpose, may use physical force, but not deadly physical force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote the welfare of such person." The jury acquitted defendant of assault in the second degree but convicted him of assault in the third degree (two counts), a lesser included offense submitted at defendant's request, and of endangering the welfare of a child (two counts). Reversal is required because the jury was not properly instructed with regard to the defense of justification. After reading the statute, reproduced above, to the jury, the trial court applied the law to the facts of the case and attempted to summarize for the jury the parties' respective contentions. It stated: "If you determine, based upon all the evidence in the case, that at the time of the alleged crime on May 29, 1977, the defendant was a parent, guardian or other person entrusted with the care and supervision of Andre and Anthony Burke, then the defendant could have used physical force but not deadly physical force upon Anthony and Andre Burke to the extent he reasonably believed it necessary to maintain discipline or to promote their welfare. *The People will contend, however, that the defendant used unreasonable force and that there was no necessity for the defendant to use such force in any event to maintain discipline, in the circumstances or under the circumstances* on May 29, 1977, in that the defendant could have taken other and different means or methods or steps to maintain discipline. And the People contend that there was no justification for the physical force used. The defendant, on the other hand, asserts that he gave Anthony and Andre Burke several warnings that they would be disciplined if they persisted in their disruptive fighting, since they were then being punished for breaking a window in the premises. He testified that he used physical force to maintain discipline after the warnings failed to accomplish any results" (emphasis added). In so summarizing what it believed to be the parties' contentions, the trial court misled the jury with regard to an element of the justification defense. The issue before the jury was not whether "the defendant used unreasonable force" or whether there was a "necessity for the defendant to use such force in any event to maintain discipline." Rather, the issue was whether the defendant *believed* the force he used was necessary to maintain discipline and, if he did so believe, *whether that belief was reasonable*. The court's misstatement acted to deprive defendant of the benefit of a reasonable belief, a benefit expressly reserved to him by statute (cf. Hechtman, Practice Commentaries, Mc-

Kinney's Cons Laws of NY, Book 39, Penal Law, § 35.15, p 92). Defendant was thus denied a fair trial and ordinarily would be entitled to a new trial. However, since he has already completed his sentence, dismissal of the indictment, rather than a new trial, is appropriate (see *People v Fondal,* 64 AD2d 638). Hopkins, J. P., O'Connor and Weinstein, JJ., concur.

Magano, J., dissents and votes to affirm the judgment, with the following memorandum: The majority holds, in effect, that when the defense of justification, as defined in subdivision 1 of section 35.10 of the Penal Law is raised in a criminal matter, its validity should be measured solely according to defendant's beliefs regarding the use of physical force in disciplining his children. As viewed by the majority, the focus of such a determination is not whether defendant "used reasonable force", but whether he reasonably believed such force was necessary. The majority therefore decides that the jury charge in the instant case was misleading. By commenting on the People's contention that the issue herein concerned the reasonableness of the physical force applied by defendant in disciplining his children, Criminal Term is held to have improperly diverted the jury's focus from defendant's belief in the necessity of force, to the force itself. The majority thus implies that whether discipline was reasonably administered is irrelevant. The only relevant question is whether defendant, pursuant to his own attitudes and beliefs, reasonably concluded such discipline was necessary. I am firmly convinced that both questions are relevant to a determination of the validity of the justification defense under subdivision 1 of section 35.10 of the Penal Law. I am further convinced that the meaning and intent of the statute dictate a fact-finding process that first resolves the issue of the reasonableness of the disciplinary force exercised as a prerequisite for determining the reasonableness of a defendant's belief in the necessity of resorting to such force. Finally, I consider Criminal Term's jury charge to be entirely consistent with this interpretation of the statute. Subdivision 1 of section 35.10 allows "A parent, guardian or other person entrusted with the care and supervision of a person under the age of twenty-one or an incompetent person, and a teacher * * * [to] use physical force, but not deadly physical force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote the welfare of such person." Logically, a person's belief in the necessity of his own action cannot be considered reasonable, unless, under the circumstances and conditions leading to and surrounding it, the action could itself be viewed as reasonable. Conversely, if the action were unreasonable, one could not form a reasonable belief that it was necessary. Thus, even though an individual's beliefs are subjective in nature, their reasonableness can only be tested according to an objective standard. Otherwise, everything or nothing is reasonable, depending on the state of an individual's conscience. At common law, a parent, or one standing *in loco parentis,* had the right, and even the duty, to discipline his children. In order to exercise this right and fulfill this obligation, corporal punishment was permitted within reasonable limits *(Matter of Carl,* 174 Misc 985; Ann., 89 ALR2d 396; Restatement, Torts 2d, § 147). "Since time immemorial organized society has recognized that the duty of training children while under parental care rests with the parents and thus the law recognizes that parents have the right to 'chastise their refractory and disobedient children.' The law also requires, for the safety of the child, that the

chastisement must not exceed the bounds of due moderation or the law will imply malice, thus making the parent criminally liable. *State v Mc-Donie,* 96 W Va 219, 123 SE 405, 37 ALR 699, and annotations following: *State v Spiegel,* 39 Wyo 309, 270 P 1064" *(State of Oregon v England,* 220 Ore 395, 397; see, also, *Matter of Rodney C.,* 91 Misc 2d 677; McLaughlin and Whisenand, Family Law, 30 Syracuse L Rev 513, 547-548; cf. *Ingraham v Wright,* 430 US 651). This parental right is often called a privilege. "As to children, the privilege remains, despite any modern theories that to spare the rod is not to spoil the child. A parent, or one who stands in the place of a parent, may use reasonable force, including corporal punishment for discipline and control" (Prosser, Law of Torts [4th ed], § 27, p 136). In New York this common-law right or privilege was codified in section 223 of the Penal Law of 1881 and section 246 of the Penal Law of 1909. These former sections were identical, and read in relevant part: "To use or attempt, or offer to use, force or violence upon or towards the person of another is not unlawful in the following cases: * * * 4. When committed by a parent or the authorized agent of any parent, or by any guardian, master, or teacher, in the exercise of a lawful authority to restrain or correct his child, ward, apprentice or scholar, and the force or violence used is reasonable in manner and moderate in degree". This language coincided with the general law as to assault, providing as it did that any force or violence used to restrain or correct a child must be " 'reasonable in manner and moderate in degree' " *(Brown v State of New York,* 24 Misc 2d 358, 365). Clearly, it constituted a codification of the common-law parental right to discipline children by the use of corporal punishment of a reasonable and moderate nature (see *People v Baldini,* 4 Misc 2d 913, 916; see, also, *People v Newton,* 185 Misc 405; *People v Mummert,* 183 Misc 243). As noted in the practice commentaries to the current Penal Law, subdivision 1 of section 35.10, "justifying the use of *reasonable,* but not deadly, force by parents, teachers, guardians and others entrusted with the care of minors * * * for the purpose of carrying out their responsibilities, substantially restates two provisions of the former Penal Law (§ 246 [4, 6])'"[1] (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 35.10, p 87, emphasis added; see, also, McKinney's Session Laws of NY, 1965, Revised Penal Law Derivation and Disposition Tables [Tables I and II], pp 1705, 1719). As derived from the former penal statutes cited above (Historical Note, McKinney's Cons Laws of NY, Book 39, Penal Law, § 35.10, p 86), subdivision 1 of section 35.10 codifies the same common-law parental right codified by its predecessor statutes. This historical analysis of subdivision 1 of section 35.10 supports and strengthens the logical analysis already discussed. The common-law right, restated by the statute,[2] permits reasonable physical force in the discipline of children. Only such force may therefore be utilized before a parent or other person responsible for a child's care can successfully claim, in asserting the defense of justification, that he reasonably believed in the necessity of

1. Subdivision 6 referred to the necessary restraint of the mentally retarded.
2. By the rules of statutory construction subdivision 1 of section 35.10 must be interpreted as restating the common law. For if it were interpreted as somehow changing the common law, there would have to be clear and unambiguous language in the statute expressing a legislative intent to that effect (Statutes, §§ 153, 301, subd b). Since a manifestation of such an intent cannot be found in subdivision 1 of section 35.10, the presumption is that no such change was intended (see *Jones v City of Albany,* 151 NY 223, 228).

its use. In the case at bar, Criminal Term instructed the jury on the defense of justification by first quoting the language of subdivision 1 of section 35.10 of the Penal Law: "the defendant could have used physical force * * * to the extent he reasonably believed it necessary to maintain discipline". The court then recited the contentions of the parties on this issue. It explained how the People had argued that under the circumstances surrounding the crime the physical force exercised by defendant was unreasonable and unnecessary, while the defendant had argued that the circumstances warranted the action taken. Thus, Criminal Term, by juxtaposing the contentions of the parties to the language of subdivision 1 of section 35.10, left the jury with the very decision that the statute requires, viz., a determination as to whether defendant's actions under the circumstances were reasonable enough to have resulted from a reasonable belief that they were necessary. The People urged that defendant acted unreasonably, thus logically precluding the possibility that he had had such a reasonable belief. Criminal Term's recitation of the People's contention, therefore, placed before the jury a response to defendant's assertion of justification well within the contemplation of subdivision 1 of section 35.10, viz., given defendant's unreasonable conduct under the circumstances he could not have acted according to the belief required by the statute. This was consistent with subdivision 1 of section 35.10 and with well-established principles of common law. Accordingly, I dissent and vote to affirm.