■ RICHARD D. MALTE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64031.)—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Claimant was awarded $125,000 on his claims of false arrest and malicious prosecution. Claimant was a fourth grade teacher who, in response to the misbehavior of a 10-year-old girl in his class, picked her up, placed her on the floor, straddled her legs, and hit her backside approximately 12 times. A member of the State Police investigated the matter and sought an arrest warrant charging plaintiff with the crimes of third degree assault and endangering the welfare of a child. The arrest warrant proved to be jurisdictionally defective because it was obtained from a Town Justice in a town not adjoining the town wherein the acts occurred (CPL 100.55, 120.30 [2]). Nevertheless, the State Trooper executed the warrant by arresting claimant at school, embarrassing him in front of his students and peers and requiring him to be fingerprinted, photographed and arraigned where bail was set at $1,000. Claimant could not make bail and was taken to a Niagara County jail where he remained for approximately 10 hours after being strip-searched and issued a prison uniform. More-

over, the arresting officer gave an interview to a local television station wherein claimant was characterized as having beaten the child. The Court of Claims found liability on theories of false arrest and malicious prosecution. We conclude that recovery for false arrest is proper, but that recovery for malicious prosecution is barred.

At issue on the false arrest claim is whether there was a privilege for the confinement *(Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). The arrest warrant and the ensuing arraignment must be treated as nullities because the issuing court lacked jurisdiction *(Nuernberger v State of New York,* 41 NY2d 111, 115; *Broughton v State of New York, supra,* p 457; *Boose v City of Rochester,* 71 AD2d 59, 66). Defendant, therefore, must plead and prove that the arrest was, in fact, based on probable cause, and evidence of a subsequent arraignment or indictment "is admissible as some proof of the presence of probable cause" *(Broughton v State of New York, supra,* p 458). We agree with the trial court, however, that there was not probable cause to believe claimant was guilty of either the crimes of assault in the third degree (Penal Law § 120.00), or endangering the welfare of a child (Penal Law § 260.10). Without condoning claimant's behavior, and assuming the truth of all the information available to the arresting officer, there was an insufficient factual predicate to establish either crime. Third degree assault requires that the actor cause "physical injury" to another person (Penal Law § 120.00). Endangering the welfare of a child, as applicable to these facts, requires that the actor knowingly act "in a manner likely to be injurious to the physical" welfare of the child (Penal Law § 260.10 [1]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). It is well settled that " 'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives' are not within the definition [of substantial pain]" *(Matter of Philip A.,* 49 NY2d 198, 200, quoting Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, at 330). Mere evidence of being struck and suffering a red mark or a black eye is insufficient for the crime of assault *(Matter of Philip A., supra; People v McDowell,* 28 NY2d 373). Claimant's conduct toward the girl was not sufficient to create criminal liability *(cf. People v Franklin,* 79 AD2d 611; *People v Baldini,* 4 Misc 2d 913; *People v Mummert,* 183 Misc 243). Even assuming the truth of all the information known to him, the State Trooper lacked sufficient

facts to believe that an identified suspect has committed a crime *(Smith v County of Nassau,* 34 NY2d 18, 23).

The claim for malicious prosecution, however, must be dismissed. In such a claim, the subsequent indictment by the Grand Jury creates a presumption of probable cause which can be rebutted only by a showing that the indictment was procured by fraud, perjury, suppression of evidence or other police misconduct *(Colon v City of New York,* 60 NY2d 78, 83, *rearg denied* 61 NY2d 670).

Contrary to the findings of the Court of Claims, we see no misconduct by the District Attorney sufficient to overcome the presumption of probable cause.

With respect to damages, we find the award excessive. It was conceded that claimant suffered no pecuniary loss as a result of defendant's conduct, and we accordingly reduce the recovery to $35,000. (Appeal from judgment of Court of Claims, McMahon, J.—false arrest.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.