17-958-cv
Marom v. Town of Greenburgh

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand eighteen.

PRESENT:  RALPH K. WINTER,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

_____

MICHAEL MAROM,

          *Plaintiff-Appellant*,

          v.                                            No. 17-958-cv

TOWN OF GREENBURGH, POLICE OFFICER JOHN HERIGHTY, AND POLICE OFFICER KEIRA KNOESEL,

          *Defendants-Appellees*,

JOHN DOE, ARRESTING POLICE OFFICER, JANE DOE, ARRESTING POLICE OFFICER, ROCCO V. SALERNO, JR., DEBORAH SALERNO, MARK H. GORDON, POLICE CHIEF JOSEPH DECARLO, POLICE CAPTAIN CHRIS MCNURNEY, GEBE GOUVEIA, AUDREY PIEROT, AND THE ESTATE OF

1

LATE STEVEN BALESCO,

*Defendants*.

_____

FOR PLAINTIFF-APPELLANT:          Michael Marom, *pro se*, Apex, N.C.

FOR DEFENDANTS-APPELLEES
John Herighty and Keira Knoesel:    Thomas J. Troetti, White Plains, NY.
FOR DEFENDANT-APPELLEE
Town of Greenburgh:                No appearance.


Appeal from a March 20, 2017 judgment of the United States District Court for the Southern District of New York (Román, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Michael Marom, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Román, *J.*) entered on March 20, 2017, granting summary judgment in favor of Defendants-Appellees Police Officers John Herighty and Keira Knoesel, and dismissing claims against the Town of Greenburgh ("the Town"). Pursuant to 42 U.S.C. § 1983, Marom filed a complaint asserting, *inter alia*, false arrest and malicious prosecution claims against Officers Herighty and Knoesel, and the Town.[1] The complaint arose from an altercation that occurred following a town zoning board meeting involving Marom's application for an amended zoning variance. A number of Marom's neighbors, including Deborah Salerno, objected to Marom's application. Following the meeting, Marom struck Salerno in the face and was subsequently arrested by Officers Herighty and Knoesel for third degree assault. Marom's wife, who witnessed the incident, informed at least one officer on the scene prior to Marom's arrest that Salerno had kicked Marom before he struck her. Salerno described the pain caused by the slap to officers as "excruciating." Appellees' App. 168. Herighty, Knoesel, and a sergeant together made the decision to arrest Marom. The third degree assault charge was reduced to second degree harassment the day after Marom's arrest; he proceeded to a bench trial and was acquitted of that charge.

_____

[1] Marom does not appeal from the district court's February 23, 2015 order, which dismissed all Defendants except for Herighty, Knoesel, and the Town, and all claims except for false arrest and malicious prosecution.

Marom then filed this action. Concluding that the officers were entitled to qualified immunity, the district court rejected Marom's arguments that the officers lacked even arguable probable cause to arrest him because (1) Salerno's injuries were insufficiently severe to support the third degree assault charge, and (2) his wife told police that Salerno had kicked him first. The district court also dismissed the claims against the Town.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The only issue before us is whether the district court correctly held that Herighty and Knoesel were entitled to qualified immunity with respect to Marom's false arrest claim.[2] "An officer is entitled to qualified immunity from a federal false arrest . . . claim if he had arguable probable cause to arrest the plaintiff for any offense, regardless of the offense with which the plaintiff was actually charged." *Kass v. City of N.Y.*, 864 F.3d 200, 206 (2d Cir. 2017). Probable cause exists when the officer is in "possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). Arguable probable cause exists when "it was objectively reasonable for the officer to believe that probable cause existed, or officers of reasonable competence could disagree on whether the probable cause test was met." *Kass*, 864 F.3d at 206 (alteration and internal quotation marks omitted).

Marom argues that the officers lacked probable cause to arrest him for third degree assault because Salerno, the victim, was not injured, as required by New York law. Under New York law, "[a] person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person." N.Y. Penal Law § 120.00. "'Physical injury' means impairment of physical condition or substantial pain." *Id.* § 10.00(9). "*[P]etty* slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives constitute only harassment and not assault, because they do

---

[2] Even "constru[ing] [Marom's] *pro se* appellate brief[] . . . liberally and interpret[ing] [it] to raise the strongest arguments [it] suggest[s]," *Wright v. C.I.R.*, 381 F.3d 41, 44 (2d Cir. 2004), we conclude that Marom does not challenge on appeal the dismissal of his claims against the Town, or the grant of summary judgment to Herighty and Knoesel on his malicious prosecution claim. Accordingly, he has abandoned any argument that either ruling was error. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned).

not inflict physical injury." *People v. Chiddick*, 8 N.Y.3d 445, 448 (2007) (emphasis added) (internal quotation marks omitted). Moreover, "[m]ere evidence of being struck and suffering a red mark or a black eye is insufficient for the crime of assault." *Malte v. State*, 125 A.D.2d 958, 959 (4th Dep't 1986). Although it is undisputed that Marom slapped Salerno, Marom contends that, in light of the preceding legal principles, the slap was insufficient to constitute an assault.

However, Salerno complained to police of pain to her face and neck, and she described the pain as "excruciating." It is also undisputed that there were marks on Salerno's face that were observed by the arresting officers. In light of Salerno's characterization of the pain to the officers as "excruciating,"—a description that officers could reasonably interpret as constituting "substantial pain," N.Y. Penal Law § 10.00(9),—"it was objectively reasonable for the officer[s] to believe that probable cause existed" with respect to the physical injury requirement, "or officers of reasonable competence could disagree on whether the probable cause test was met." *Kass*, 864 F.3d at 206 (alteration and internal quotation marks omitted).

Marom also appears to argue that the officers lacked probable cause to arrest him because his wife had told them that Salerno kicked Marom before he hit her, giving rise to a justification defense: self-defense. It is true that when making a probable cause determination, an officer may not "deliberately disregard facts known to him which establish justification." *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003). However, officers are not required "to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." *Id*. "It is up to the factfinder to determine whether a defendant's story holds water, not the arresting officer." *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).

Drawing all reasonable inferences in Marom's favor, at the time of the arrest officers were aware that Salerno kicked Marom, and in response, Marom slapped Salerno in the face. Under New York law, force may be used in self-defense "to the extent [that the one acting in self-defense] reasonably believes such [force] to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person." N.Y. Penal Law § 35.15(1). It is not clear from witness statements that Marom's response to Salerno's kick to his shin—slapping her in the face—was necessary to defend himself or another. Marom's slap could reasonably be viewed by the arresting officers as an unnecessary—and therefore unprivileged—act of retaliation. Since the officers were under no obligation "to investigate exculpatory defenses offered by [Marom]," *Jocks*, 316 F.3d at 136, and were entitled to allow the "factfinder to determine whether [Marom's self-defense] story holds water," *Krause*, 887 F.2d at 372, Marom's statements that he acted in self-defense, even

4

supported by his wife's statement that Salerno kicked him first, did not vitiate probable cause to arrest him.  Accordingly, the district court was correct in concluding that the officers were entitled to qualified immunity.

We have considered all of Marom's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5